{¶ 24} I would state at the outset that there is never a good reason for failing to frame an indictment or bill of information as nearly as possible in the precise language of the criminal statute defining the offense. Nevertheless, I respectfully disagree with the decision of the majority to find plain error in this case based solely upon the difference between the phrase in the bill of information "causing the death of another in the following way: reckless operation of a motor *Page 13 
vehicle" and the language of R.C. 2903.06(A)(2)(a) stating, "cause the death of another in one of the following ways: Recklessly."
 {¶ 25} Specifically, it is not clear to me that the semantic difference between "causing the death of another by recklessly operating a motor vehicle" and "causing the death of another recklessly" is of any legal significance, particularly in this case. Nor in my view, did the language of this bill of information create any reasonable possibility of misunderstanding or prejudice to this defendant based on the remaining portions of the record (as well as the bulk of the legal authority regarding charging documents and plain error cited by the majority, which would appear to provide more support for an affirmance than a reversal in this case).
 {¶ 26} The bill of information clearly identifies the proper Revised Code section for the offense of aggravated vehicular homicidetwice — once in the opening sentence of the charge and again in the closing sentence. The closing sentence of the information could not apprise the defendant of the charged offense more clearly, stating "This is a charge of aggravated vehicular homicide, a felony of the THIRD degree and a violation of Ohio Revised Code Title 29, Section 2903.06(A)(2)(a)." (Emphasis included in original).
 {¶ 27} In addition, the opening statements, examination of witnesses, and closing arguments conducted by both the prosecutor and defense counsel *Page 14 
unequivocally identify and address the issue of recklessness in causing the death as the key issue in the trial. The jury instructions furnished by the trial court at the conclusion of the trial are directed to the proper charge, fully define the term "recklessly" and are without error. The verdict of the jury is in accord with the jury instructions and specifically references the charging document.
 {¶ 28} In sum, the record of this case does not provide the slightest indication that anyone — parties, counsel, the court, or the jury, had any doubt whatsoever as to what charge was specified in the bill of information, what key elements of that charge were to be tried, proven and/or defended at trial and what charge the jury found the defendant guilty of committing. Hence, the lack of a single objection or request for clarification by anyone as to these matters at any point in the record.
 {¶ 29} Only for the first time on appeal is there now a suggestion that the wording of the bill of information could conceivably be construed in a way so as to create a prejudicial misunderstanding on the part of the defendant as to what he was charged with, what he was required to defend at trial, or what he was actually convicted of by the jury. I reiterate — the best way to prevent these issues from being raised in any case is to frame the charging document as nearly as possible in the precise language of the statutory offense. However, on this record, I find the allegation of uncertainty in the charge for the first time on appeal to be *Page 15 
disingenuous and regret that this court would accept such an assertion as the only necessary standard for establishing reversible plain error.
 {¶ 30} For all of these reasons, I believe the charge and conviction of aggravated vehicular homicide pursuant to R.C. 2903.06(A)(2)(a) has been sufficiently established in this case. As a result, it is unnecessary for us to discuss the possibility of any other offense being implicated in this charge or verdict. I would affirm the judgment and sentence of the trial court. *Page 1